■ In the Matter of the Claim of ISABEL C. ARCILA, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 458]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 19, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was fired from her employment as a human resource assistant for a home care agency for leaving work early and falsifying her time sheet. The Unemployment Insurance Appeal Board, reversing the finding of the Administrative Law Judge, ruled that claimant was disqualified from receiving unemploy-

ment insurance benefits because she lost her employment due to misconduct.

It is well settled that failure to accurately complete one's time sheet can constitute disqualifying misconduct (*see Matter of Noel [Commissioner of Labor]*, 306 AD2d 671, 672 [2003]; *Matter of Richardson [Eastman Kodak Co.—Commissioner of Labor]*, 301 AD2d 1004 [2003]). Here, the record establishes that, despite previous discussions regarding claimant's scheduled work hours and the employer adjusting claimant's schedule to accommodate her part-time job, the executive director observed claimant leaving work early on the days in question. Claimant did not indicate the early leave time on her time sheet. Although claimant maintains that she filled out her time sheet in accordance with the instructions that she was given, the time sheet specifically instructs that employees should sign the actual time of arrival and departure. In any event, any conflict regarding claimant's scheduled hours or the manner in which the time sheet was to be completed presented a credibility issue for the Board to resolve (*see Matter of Noel [Commissioner of Labor], supra* at 672; *Matter of Sonzogni [Gilmor Glassworks—Commissioner of Labor]*, 301 AD2d 939 [2003]). Inasmuch as substantial evidence supports the Board's decision, it will not be disturbed.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.